## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

---

SAMUEL A. BURNETTE,

Dob: 03/26/1976

SS: XXX-XX-7076

    Plaintiff,

V.                      Case No. 5:24-CV-01832-JGB-PVC

RIVERSIDE COUNTY DCSS,

2041 IOWA AVE

RIVERSIDE, CA 92507-2414

    Defendants et al.,



FILED
CLERK, U.S. DISTRICT COURT
FEB - 3 2025
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

---

### AMENDED COMPLAINT

---

Samuel Burnette a Pro se litigant files this complaint against Defendants, states:

### FACTS

1. Samuel Burnette moved to California in June of 1998 to be closer to Deborah Knight and his daughter Makayla Burnette.

2. Burnette was placed on child support first in Orange County CA. first sometime in 1998.

3. Sometime in 1999 Deborah Knight moved to Moreno Valley, CA in Riverside County.

4. The child support case was transferred to Riverside County DCSS. Case Number 0650418469-01 Court Case Number RID418469DCS.

5. Aliyah Knight was born in August of 1999 and was added to the Burnette child support case.

6. Burnette moved back to Wisconsin in February of 2000 and was notified of his child support obligations by mail.

7. In August of 2000 Burnette was arrested and subsequently sent to prison, Burnette was released in September of 2002.

8. Upon release from Wisconsin State Prison Burnette was notified of child support debt being placed on his credit.

9. Sometime in 2004 Burnette received statements from Riverside County DCSS-Main office showing a change in the amount owed from roughly $9,000.00 to $29,000.00. No notice of a hearing was ever received regarding the increase.

10. Burnette contacted Riverside Child Support and spoke with a case worker as well as a supervisor concerning the steep increase. A formal request was made to audit the account at that time.

11. The case worker Burnette spoke to acknowledged that there was an error but refused to tell Burnette what the error was, only that the remedy to address the error was to have the case brought back to family court.

12. In 2004 Samuel Burnette did file a fraudulent tax return, in it stated that his income for the previous year was $150,000.00 and a tax return for just over $65,000.00 was processed.

13. In 2004 the total amount of child support owed to Riverside County DCSS was $29,000.00

14. Despite being aware of Burnette's address a court order changed without Burnette being present for the hearing or him being allowed an opportunity to be present despite him being out of state. The hearing enlarged the child support order and seized the total fraudulent tax return in the amount of over $65,000.00.

15. After the tax return was seized Burnette contacted the IRS and admitted that the tax return was fraudulent. The money was then returned to the IRS but the amount owed to Riverside County DCSS stayed the same. The amount owed was updated to Burnette's credit report.

16. Burnette's credit report now showed $90,000.00 in child support due to Riverside County DCSS. Despite attempts to get the case audited the amount continued to accrue interest, the amount was updated to all 3 of the credit bureaus Experian, Transunion and Equifax.

17. In August of 2005 Burnette was arrested and was not released from prison until February 2007. Riverside County DCSS was aware of Burnette incarceration..

18. While incarcerated Burnette received monthly statements of the amount owed to Riverside County DCSS.

19. In March of 2007 Burnette was indicted for Federal crimes including the tax return filed in 2004. The same tax return the Riverside County DCSS seized and was ultimately returned to the IRS.

20. Ami Knight was born in November of 2007. She was added to the child support case handled by Riverside County DCSS in early 2008. No notice of a hearing was ever received regarding the change in the case.

21. In January 2008 Burnette was sentenced to Federal prison for 2 counts of filing false tax returns.

22. In April of 2009 Burnette was released from Federal prison, as early as May of 2009, Burnette was employed and making payments through his employer to Riverside County DCSS.

23. Based on the amount that Riverside County DCSS claimed was owed, Burnette again requested the case be audited. Burnette also disclosed to the Riverside County DCSS case worker that the amount was based on fraudulent information.

24. Despite stable employment, due to the reporting of debt owed to Riverside County DCSS Burnette was denied car loans, credit cards and other credit accounts.

25. Burnette was sent back to prison in 2010 for Federal Supervision violations, while in federal custody Burnette received monthly statements showing his growing debt and interest owed to Riverside County DCSS.

26. In April 2012 Burnette was released from Federal custody and enrolled in trucking school.

27. In December 2012 Burnette started a career in trucking working first for a company called Westside Transport. Child support was taken from his wages and paid to Riverside County DCSS.

28. In February 2013 Burnette changed employment and started working for US Xpress trucking company, Starting pay was $42,000.00 a yr. Despite that Burnette could not be approved for credit cards, a mortgage and other credit accounts. This was due to the large debt reported on a credit report by Riverside County DCSS.

29. Again Burnette requested audits from the Credit Bureaus and Riverside County DCSS. The Riverside County DCSS case worker was again informed of the fraudulent information that was used to cause the amount to be so substantial. At this time the amount owed was almost $200,000.00. In 2024 the amount owed ballooned to over $249,000.00

30. In 2015 Burnette was employed by LSG Skychefs and despite having a management position with salary based pay, Burnette continued to have problems establishing adequate credit to get credit accounts, to be approved for car loans with low interest rates or to get a home loan to purchase a home. All because the debt placed on his credit file by Riverside County DCSS.

31. Burnette started working for UPS (United Parcel Service) in 2017 as a driver. Despite his pay which was over $100,000.00 a yr Burnette still had problems securing credit cards or other credit accounts. At this point Burnette filed bankruptcy to try to clear the debt reported by Riverside County DCSS or at the very least get it audited.

32. Between 2013-2020 Burnette's bank account would be charged without warning first demanding the total amount owed to Riverside County DCSS. The amount was never available in my personal accounts so a minimum of $150.00 would be taken. This would sometimes result in Burnette's accounts going into the negative and Overdraft charges would be incurred.

33. In 2023 while at Jackson Correctional Institution a complaint was filed again requesting that the Riverside County DCSS look at the case and debt of Burnette.

34. On March 12, 2024 the Riverside County DCSS closed Burnette's child support case.

35. Between 2014-2020 Burnette did hire the services of Lexington Law LLC. a credit repair consulting company in order to dispute inaccurate and stale information that was on the Plaintiff's credit reports furnished by the 3 credit bureaus or credit reporting agencies Equifax Information Services LLC, Experian Information Solutions Inc., and Trans Union LLC.

36. On June 18, 2024 the Plaintiff did receive documents from the Riverside Family Court. The document is described as a Notice Regarding Payment of Support & Substitution of Payee.

37. This Notice is not signed by a judge and shows no reference to an actual court order. It included a Proof of Service.

38. The Notice and Proof of Service are signed by Jean Lett.

39. These documents names Elizabeth Lawrence as Chief Deputy Child Support Attorney. Her authority to handle cases is based on California Family Code § § 17400 & 17406.

40. Based on the documentation received it shows that both Jean Lett and Elizabeth Lawrence both have knowledge of the Plaintiff's Riverside County Child Support case and are actively involved in recent filings.

## JURISDICTION

41. This Court has jurisdiction over federal claims under 28 U.S.C. §1331(1) and §1343. This venue is proper under 28 U.S.C. §1391(b)(2). The case has been transferred to the United States District Court Central District of California. Government Claim form was filed in Riverside County Superior Court due to the State agency, State employees and State Court officials named as Defendants in this complaint. Based on the amount sought in damages this Court has diversity and supplemental jurisdiction.

## PARTIES

42. Experian Information Solutions Inc., P.O. Box 9554, Allen, TX 75013 is a credit bureau and did report on Burnette's credit worthiness.

43. Trans Union LLC., P.O. Box 2000, Chester, PA 19016 is a credit bureau and did report on Burnette's credit worthiness.

44. Equifax Information Services LLC., P.O. Box 105788, Atlanta, GA 30348 is a credit bureau and did report on Burnette's credit worthiness.

45. Riverside County DCSS, 2041 Iowa Ave Riverside, CA 92507 did collect child support and report to the above named credit bureaus, negative information concerning Burnette.

46. Riverside County Family Court, 4175 Main St., Riverside, CA 92501 made rulings concerning child support, arrears, liens and information to be reported to the above named credit bureaus.

47. Elizabeth Ramirez an employee named as a child support representative, shall be used as placeholder until discovery shows all unnamed individuals employed by Riverside County DCSS, 2041 Iowa Ave Riverside, CA 92507, who worked directly on Case#0650418469-01 Court Case #RID418469DCS.

48. Elizabeth Lawrence is named as the Chief Deputy Child Support Attorney, she is employed by Riverside County DCSS, 2041 Iowa Ave Riverside, CA 92507. As Chief Deputy Child Support Attorney she oversees the attorneys at the Riverside County DCSS who litigate and pursue court orders for the child support agency.

49. The Plaintiff request that Elizabeth Lawrence not only be added as a party to the the complaint but also be used as a placeholder until discovery and dispositive motions can be filed and all attorneys involved with Riverside County DCSS Case No. 0650418469-01 & Court Case #RID418469DCS can be identified.

50. Jean Lett appears to be employed by Riverside County Family Court, 4175 Main St., Riverside, CA 92501. As such she is involved with not only the Plaintiff's case but other cases dealing with child support in Riverside County.

51. The Plaintiff request that Jean Lett not only be added as a party to the the complaint but also be used as a placeholder until discovery and dispositive motions can be filed and all employees involved with Riverside County DCSS Case No. 0650418469-01 & Court Case #RID418469DCS can be identified.

**COUNT 1: VIOLATION OF FEDERAL CREDIT REPORTING ACT 15 U.S.C § 1681-1681x et seq.**

52. Plaintiff realleges the above paragraphs.

53. The Defendants, Equifax, Transunion, Experian, Riverside County DCSS, Elizabeth Ramirez a Riverside County DCSS employee, Elizabeth Lawrence Chief Deputy Child Support Attorney for Riverside County DCSS, Jean Lett an employee of the Riverside County Family Court and Riverside County Family Court did in violation of federal law put inaccurate information on Burnette's credit report despite requested audits and

4

disputes. This made it difficult to establish or get credit, secure low interest loans, mortgages or other credit accounts in order to provide financial stability for Burnette and his family. This is in violation of Federal Credit Reporting Act 15 U.S.C.§1681-1681x et seq and California Civil Code Section 1785.25(a) and California Civil Code Section 1788 et seq. Burnette request actual damages in the amount of $350,000 per Defendant and punitive damages in the amount of $1,000,000 per yr the inaccurate information was reported per Defendant, the cost of this action, attorneys' fees, and such other relief that the court deems equitable.

## COUNT 2: CLAIM FOR EMOTIONAL DISTRESS

54. Plaintiff realleges the above paragraphs.

55. The Defendants, Equifax, Transunion, Experian, Riverside County DCSS, Elizabeth Ramirez a Riverside County DCSS employee, Elizabeth Lawrence Chief Deputy Child Support Attorney for Riverside County DCSS, Jean Lett an employee of the Riverside County Family Court and Riverside County Family Court did in violation of federal law put inaccurate information on Burnette's credit report despite requested audits and disputes. Burnette suffered emotional distress from the inaccurate information being provided to the credit bureaus. This made it difficult to establish or get credit, secure low interest loans, mortgages or other credit accounts in order to provide financial stability for Burnette and his family. This is in violation of Federal Credit Reporting Act 15 U.S.C. §1681-1681x et seq and California Civil Code Section 1785.25(a) and California Civil Code Section 1788 et seq. Burnette request actual damages in the amount of $350,000 per Defendant and punitive damages in the amount of $1,000,000 per yr the inaccurate information was reported per Defendant, the cost of this action, attorneys' fees, and such other relief that the court deems equitable.

## COUNT 3: VIOLATION OF FEDERAL DEBT COLLECTION PROTECTION ACT 15 U.S.C.A. § 1692 et seq.

56. Plaintiff realleges the above paragraphs.

57. The Defendants, Riverside County DCSS, Elizabeth Ramirez a Riverside County DCSS employee, Elizabeth Lawrence Chief Deputy Child Support Attorney for Riverside County DCSS, Jean Lett an employee of the Riverside County Family Court and Riverside County Family Court did engage in behavior that would meet the standard described in 15 U.S.C.A. § 1692 et seq and California Civil Code Section 1788 et seq as abusive, deceptive, and unfair debt collection practices. This information was then passed on to the 3 credit reporting agencies Equifax, Transunion, Experian. This made it difficult to establish or get credit, secure low interest loans, mortgages or other credit accounts in order to provide financial stability for Burnette and his family. Burnette request actual damages in the amount of $350,000 per Defendant and punitive damages in the amount of $1,000,000 per yr the inaccurate information was reported per Defendant, the cost of this action, attorneys' fees, and such other relief that the court deems equitable.

## COUNT 4: DEFAMATION

58. The Plaintiff realleges the above paragraphs.

59. The Defendants, Equifax, Transunion, Experian, Riverside County DCSS, Elizabeth Ramirez a Riverside County DCSS employee, Elizabeth Lawrence Chief Deputy Child Support Attorney for Riverside County DCSS, Jean Lett an employee of the Riverside County Family Court and Riverside County Family Court As a result of Defendant's conduct, Plaintiff alleges that he has suffered concrete financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, out-of-pocket expenses, and other related costs. Further, Plaintiff alleges that he has suffered concrete harm in the form of financial and dignitary harm arising from the injury to credit rating and reputation. Burnette request actual damages in the amount of $350,000 per Defendant and punitive damages in the amount of $1,000,000 per yr the inaccurate information was reported per Defendant, the cost of this action, attorneys' fees, and such

other relief that the court deems equitable.

### COUNT 5: 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT FOURTEENTH AMENDMENT VIOLATION

60. The Plaintiff realleges the above paragraphs.

61. The Defendants, Riverside County DCSS, Elizabeth Ramirez a Riverside County DCSS employee, Elizabeth Lawrence Chief Deputy Child Support Attorney for Riverside County DCSS, Jean Lett an employee of the Riverside County Family Court and Riverside County Family Court as a result of the Defendant's conduct, the Plaintiff alleges that his Fourteenth Amendment rights described in the United State Constitution to due process were violated. Plaintiff alleges that he has suffered concrete financial and pecuniary harm arising from monetary loss of use of funds, loss of credit and loan opportunities, out-of-pocket expenses, and other related costs. Further, Plaintiff alleges that he has suffered concrete harm in the form of financial and dignitary harm arising from the injury to credit rating and reputation. Burnette request actual damages in the amount of $350,000 per Defendant and punitive damages in the amount of $1,000,000 per yr the inaccurate information was reported per Defendant, the cost of this action, attorneys' fees, and such other relief that the court deems equitable.

### COUNT 6: 42 U.S.C. 1983 MONELL CLAIM

62. The Plaintiff realleges the above paragraphs.

63. The Defendants, Riverside County DCSS, Elizabeth Ramirez a Riverside County DCSS employee, Elizabeth Lawrence Chief Deputy Child Support Attorney for Riverside County DCSS, Jean Lett an employee of the Riverside County Family Court and Riverside County Family Court as a result of the Defendant's conduct, the Plaintiff alleges that (1) an unconstitutional custom or policy behind the violation of rights; (2) a deliberately indifferent omission, such as a failure to train or failure to have a needed policy; or (3) a final policymaker's involvement in, or ratification of, the conduct underlying the violation of rights. Plaintiff alleges that he has suffered concrete harm in the form of financial and dignitary harm arising from the injury to credit rating and reputation. Burnette request actual damages in the amount of $350,000 per Defendant and punitive damages in the amount of $1,000,000 per yr the inaccurate information was reported per Defendant, the cost of this action, attorneys' fees, and such other relief that the court deems equitable.

### JURY DEMAND

64. Plaintiff hereby demands a trial by jury under Fed. R. Civ. Pro. 38(b) on all triable issues.

Date: January 31, 2025

*/s/ Samuel Burnette*
Samuel Burnette #276824

Jackson Correctional Institution

P.O. Box 233

Black River Falls, WI 54615

6

## CERTIFICATION OF MAILING

I certify that this brief was deposited in the United States mail for delivery to the Clerk of the Court of the Supreme Court of Wisconsin by first-class of mail that at least expeditious, on _January 21, 2025_. I further certify that the brief was correctly addressed and postage prepaid. This meets the standard set forth by Houston V. Lack 493 U.S. 920, 110 S.Ct. 284.

Date: _January 21, 2025_

_____
Signature

Samuel Burnette # 276824
Jackson Correctional Institution
P.O. Box 233
Black River Falls, WI 54615

United States District Court
Central District of California
Office of the Clerk
255 East Temple Street
Room 180
Los Angeles, Ca 90012



QUARRY B
JAN 17
STAFF

THIS LETTER HAS BEEN MAILED FROM THE WISCONSIN PRISON SYSTEM.